[Criminal No. 101.    Filed December 23, 1895.]

[42 Pac. 953.]

## JOSEPH CURBY, Defendant and Appellant, v. TERRITORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW—RAPE—EVIDENCE — SUFFICIENCY.—Evidence upon a prosecution for rape by a father sixty years of age upon a daughter aged eighteen, showing that the parties resided in the same dwelling, and had adjoining bedrooms, with a door from one to the other, for nearly twelve months before the time of the alleged assault; that it was first committed in the daytime, on Sunday, when people were abroad; that after the first act, at intervals of two or three days, it was repeated, and that at each time she exclaimed, "Father, have mercy on your own flesh and blood!" that after the completion of the first act she resumed her household duties, and there was no apparent change in the relations between them; that a month after the alleged assault he purchased her a gold watch and chain and presented it to her four days before his arrest, is insufficient to support a conviction.

BETHUNE, J., dissenting.

2. SAME—SAME—SAME—DEFENSE—MOTIVE OF PROSECUTING WITNESS.— It is competent for the defense to show, on a prosecution for rape, that the prosecutrix was actuated by a motive, which was to shield her lover, whose attentions were paid to her against defendant's consent.

3. SAME—EXAMINATION OF DEFENDANT—REV. STATS. ARIZ. 1887, PENAL CODE, PAR. 2040, CITED.—A defendant can only be examined by the

prosecution about the matters testified to in his direct examination. Statute, *supra,* cited.

4. SAME—RAPE—EVIDENCE — UNCORR *BORATED* TESTIMONY OF PROSECU-TRIX SUFFICIENT.—A conviction for rape can be had on the uncorroborated testimony of the woman ravished.

5. SAME—SAME—SAME—REPETITION OF ACT—CONSENT.—If, after the first act is accomplished, it be repeated at intervals, and the woman is of the age of discretion, and has the opportunity to make complaint, and she makes none, or if she consents to an act after the first intercourse, such conduct will be evidence that the first act was performed with her consent, and she was not ravished.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. J. D. Bethune, Judge. Reversed.

Statement of facts by Rouse, J.

On May 18, 1894, an indictment was returned, accusing Joseph Curby of the crime of rape, committed January 14, 1894, on Laura Curby. To the indictment defendant demurred. The demurrer was overruled, and defendant entered a plea of not guilty. The trial was had May 24, 1894. A verdict of guilty was returned, and judgment pronounced thereon, by which defendant was sentenced to the penitentiary for life. Joseph Curby resided in a house at the limits of Tombstone. The nearest dwelling to his was one hundred and eighty-five feet away. He was a dealer in second-hand furniture, and had his place of business in the city of Tombstone. He owned an express-wagon, which he used in delivering goods and to ride in, in going to and from his place of business. Laura Curby, the prosecutrix, resided in San Francisco until the first part of the year 1893, when she took up her residence with the defendant. She worked at a dressmaker's in Tombstone for about six months just prior to the date when defendant was arrested. She kept defendant's house, and after doing up the housework in the mornings she would go to her work at the dressmaker's, where a number of women were employed. On the trial she testified that the defendant assaulted her in his bedroom on Sunday, January 14, 1894, at between eleven and twelve o'clock in the day; that she resisted him to her utmost; that he overpowered her; that she screamed; that he put his hand over her mouth; that while the act was being

performed she exclaimed, "Father, have mercy on your own
flesh and blood!" that when the act was over she went into
her own bedroom, and, when she recovered from the exhaustion
caused by her efforts to prevent the act, she went about the
doing of her housework; that from that date down to the
twenty-sixth day of February, 1894, defendant raped her as
often as three times a week, and that she resisted him every
time to her utmost; and that at each time, while the act was
being performed, she exclaimed, "Father, have mercy on your
own flesh and blood!" She testified that she had not re-
ported his conduct to any one, giving as a reason for her silence
that she had no friends to whom she could go and report it
to, and the further reason that she was afraid he would kill
her. For nearly one year Laura Curby resided in the same
house with her father, the defendant. Their bedrooms were
adjoining, with a door from the one to the other. She kept
the house. They made visits together, and received visitors.
During that period he attended to his store in the city, and
his other business, and she worked six months of the time at
the dressmaker's, where several matrons were engaged in busi-
ness. She rode on defendant's wagon with him frequently
between their residence and the business house. Their conduct
towards each other was marked by no change after the date of
the alleged assault from that which existed prior to that date.
She testified that he assaulted her in December, 1893, but at
that time, she said, "He tried to get the best of me, but did not
succeed." On the trial, Mrs. Curby, whose residence is San
Francisco, and who is defendant's divorced wife, of sixteen
years' standing, was offered as a witness for the prosecution,
and only two facts were proved by her, or attempted to be
proved: (1) "That Laura Curby is the defendant's daugh-
ter"; and (2) "that she is the divorced wife of defendant, of
sixteen years' standing." Evidence was introduced to the
effect that after the date of the first rape Laura requested de-
fendant to purchase for her a diamond ring, and that he sug-
gested to her that a watch would suit her better; that she
agreed with him in that suggestion; and that he did purchase
her a gold watch and chain, and presented them to her on her
birthday, February 22d, just four days before he was arrested
on this charge. At the date of the trial, defendant was nearly
sixty years old, and he had been a grandfather for over seven

years. Laura Curby, the prosecutrix, was eighteen years old. The defendant offered to prove, or attempted to prove, that Laura was prompted in making the charge by a desire to shield her lover, and to punish defendant for interfering with the movements of her lover in his attentions to her; that is, he attempted to prove that she had a motive for instituting the prosecution against him. The court did not allow him to offer such evidence. Defendant was sworn as a witness, and after closing his testimony he was examined by the prosecution, and forced by the court to answer questions propounded to him by the prosecution which were not connected with the matters testified to in his examination in chief. From the judgment of conviction he appeals.

Allen R. English, for Appellant.

T. D. Satterwhite, Attorney-General, William Herring, of Counsel, for Respondent.

ROUSE, J. (after stating the facts).—It is not necessary for us to pass on the action of the court in overruling the demurrer to the indictment, or that we should express an opinion as to the validity of the indictment in this case. Passing those questions, we find defendant was accused of the crime of rape, tried therefor, convicted, and sentenced to the penitentiary for life. Rape is justly considered one of the most heinous crimes. A low degree of moral turpitude must be attained by a man, in order to commit this crime. Against a man who commits this crime, popular indignation is aroused, and exists with the first information that the man is accused of or charged with the offense. Indignation starts with the accusation. The case, in part, is prejudged before an examination is had. Support the charge with the allegation that the victim is the mother, sister, or daughter of the accused, and a trial, unless it be well conducted, is a useless proceeding, for the accused will be condemned before the trial. The sentiment just mentioned gave birth to this expression of an able jurist: "Rape is easy to charge. It is hard to disprove." Care should be used by the court, in all criminal trials, to prevent convictions on prejudice alone. On account of the nature of the crime of rape, in trials therefor, the court should be exceedingly careful. Laura Curby and Joseph Curby, her father, re-

sided in the same dwelling, and had adjoining bedrooms, with a door from one to the other, for nearly twelve months before the time fixed on which the alleged assault was made. Lodging so near each other during all that period, with opportunities for such an assault at hand every night, when an outcry would summon no protector to her defense, the assault was deferred for over ten months. It is alleged that he chose an hour in the daytime, when people were abroad and an outcry would likely attract attention, and on a Sunday (a day on which unusual sounds would be sure to be noticed), to commit the act. After the first act, at intervals of two or three days, it is said, the act was repeated, and that at each time she exclaimed, "Father, have mercy on your own flesh and blood!" That after the completion of the first act she went into her bedroom, and that after she had rested a while, and recovered from the exhaustion caused by her resistance, she went to work, in doing up her housework. She rode on defendant's wagon with him after the performance of some of those acts to his place of business and elsewhere. After the act she importuned him to purchase her a diamond ring, and he purchased her a gold watch and chain, instead of a ring, and presented them to her on February 22d, her eighteenth birthday, —nearly forty days after the alleged assault, and only four days before she made the complaint on which he was arrested. During the period between the day on which the alleged assault was made and the day of his arrest she worked at the dressmaker's, where there were a number of women employed, and went about the city of Tombstone as she had done before that period, and was in company with those she was accustomed to be with. The facts and circumstances in evidence, the age of the accused, the conduct of the prosecutrix after the date of the alleged assault, the nature of the exclamations said to have been uttered by the prosecutrix at the time of the acts, the number of acts alleged to have been had, and the failure of the prosecutrix to make complaint, lead us to the conclusion that no rape was committed. Remove from this case the fact that Laura Curby is defendant's daughter, and no one familiar with the nature of the crime would, from the evidence in the case, believe defendant guilty of this crime. This case must be considered as though she was not related to him. If he committed the act with force, against her consent, it was rape.

If he committed the act with her consent, it was incest. He is guilty of rape, or not guilty of anything, on this indictment. On the trial the prosecution seemed anxious to prove the relationship of the parties, and lost no opportunity to establish that fact. Mrs. Curby, who lives in San Francisco, and who is defendant's divorced wife, was introduced by the prosecution as a witness, apparently for no other purpose than to prove that Laura is his daughter, and the further fact that she is defendant's divorced wife, of sixteen years' standing. At least, no other facts were attempted to be established by that witness. Defendant attempted to show that the prosecutrix was actuated, in making the charge against him, by a motive, and to show that the motive was to shield a lover of hers, whose attentions were paid to her against her father's consent. This the court did not permit. We think the court erred in its rulings in that respect. It is competent to show, in every criminal prosecution, the motives of the prosecuting witnesses. Their motives are to be considered by the jury, in order to determine the question of the guilt or innocence of the accused. Especially is the motive of the injured woman, in a charge of rape, material to be shown and considered. The prosecution propounded to defendant questions about matters not testified to in his direct examination, and he was compelled to answer those questions. A defendant can only be examined by the prosecution about the matters testified to in his direct examination. Pen. Code, par. 2040.

Counsel for appellant contends that a conviction for rape cannot be had on the uncorroborated testimony of the woman ravished; that her evidence alone is not sufficient; that Laura Curby was not corroborated by any other witness in the case, and for that reason the defendant should be acquitted. We cannot give our assent to that contention. Corroboration is not necessary or required, as a rule. It is required only in cases in which the prosecuting witness occupies in some degree the *status* of a *particeps criminis.* The woman who is ravished commits no crime by that act. Of all persons she is the most unfortunate. She is entitled to the sympathy of society, and in her interest the scales of justice should be speedily adjusted. Evidence of the victim alone, in a charge of rape, is sufficient to convict; but as "rape is easy to charge, and hard to disprove," great care should be exercised on the trial

of. one accused of this crime to prevent a conviction on preju-
dice alone, on account of the prejudice which exists against
the crime itself. It must be established by evidence that the
victim was ravished; she must be overcome with force which
she has not the power to resist in an honest effort to do so, or
be compelled to yield by threats of violence, which, if executed,
would endanger her life; and she must, in good faith, if of the
age of discretion, believe her assailant has the power at that
time to carry the threats into execution, and will do so imme-
diately on her refusal to obey. She must resort to every rea-
sonable means at hand, if of the age of discretion, to prevent
the act, and yield not as long as she can discover an avenue
through which she may make her escape. She cannot be neu-
tral or passive. If she is, she will be *in pari delicto,* and it will
not be rape. If, after the first act is accomplished, it be re-
peated at intervals, and the woman is of the age of discretion,
and has the opportunity to make complaint, and she makes
none, or if she consents to an act after the first intercourse,
such conduct will be evidence that the first act was performed
with her consent, and that she was not ravished. We do not
think the evidence sufficient to sustain the judgment. The
judgment is reversed and the case dismissed, and it is ordered
that the defendant be released from the penitentiary, and that.
for that purpose the proper writ be issued.

Baker, C. J., and Hawkins, J., concur.

BETHUNE, J. (specially concurring in the reversal of the
judgment).—In this case I concur in the opinion that the
judgment should be reversed, on the ground of errors commit-
ted by the trial court. I do not concur in the judgment dis-
charging the defendant, but think the case should be sent back
to the trial court for a new trial. I think the trial court erred
in not permitting certain testimony offered by defendant, but
I am not prepared to say that the evidence adduced at the trial
was insufficient to convict the defendant, but think the jury
should be permitted to judge that. I do not agree with my
brethren that this case must be considered as though the prose-
cutrix was not related to defendant. I think the fact that she
is his daughter, taken in connection with the surrounding cir-
cumstances, would make a material difference in considering

the lapse of time between the first commission of the offense and her telling of it, and her apparent passive submission to subsequent commissions. With shame to our civilization be it confessed, there are not wanting instances of rape by fathers upon their daughters, and the existence of that relation puts a different phase upon a case like the one under consideration and ordinary cases of rape. The prosecutrix testified that she was in mortal fear of her father and that he was rough and harsh to her, and threatened to kill her if she told on him. "Where a father has established a kind of reign of terror in his family, and his daughter, under the influence of dread and terror, remains passive while he has connection with her, he may be found guilty of rape." *Reg.* v. *Jones*, 4 Law T. (N. S.) 154. And again: "Where the defendant had intercourse with a fourteen-year-old step-daughter, in her bed, in a room where three younger children were sleeping; she told him not to get into bed, and threatened to tell her mother, but made no outcry, and no complaint for six days,—it was held that under the circumstances a conviction of rape must be sustained." *Bailey* v. *Commonwealth*, 82 Va. 107, 3 Am. St. Rep. 87. All these matters of evidence, I think, should be left to the consideration of the jury, with proper instructions from the court, and opportunity being given the defendant to show any motive the prosecutrix may have in bringing the charge, which latter was not done in this case. For that reason I think the judgment should be reversed and a new trial granted.