386 P.2d 654

**STATE of Arizona, Appellee,**

v.

**Donald Lee FRANCIS, Appellant.**

No. 1269.

Supreme Court of Arizona,

In Division.

Nov. 13, 1963.

Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., Merton E. Marks, Asst. Atty. Gen., Phoenix, for appellee.

LOCKWOOD, Justice.

Appellant, Donald Lee Francis, was convicted of kidnapping in violation of A.R.S. § 13–492. Motion for new trial was denied and judgment of guilty was entered. This appeal under A.R.S. § 13–1713 followed.

In State v. Francis, 91 Ariz. 219, 371 P.2d 97 (1962), we affirmed appellant's conviction for statutory rape of a sixteen year old girl. The present appeal from the kidnapping conviction arose out of the same set of facts. Appellant, pretending to be a juvenile officer, lured the girl into his car and took her to a deserted area where he raped her.

Since appellant makes only one assignment of error, we will not present a detailed statement of the facts. Appellant contends the lower court erred in denying a motion for a new trial based on the alleged misconduct of the County Attorney during the trial, which substantially prejudiced appellant.

At two points during the trial, the County Attorney insinuated that he had knowledge of a prior criminal record regarding the appellant. During his cross-examination of a defense witness, the County Attorney asked: "Sir, are you acquainted with any of Mr. Francis' problems with the police in the past?" (R.T. 405). The trial judge immediately sustained defense counsel's objection, but denied a subsequent motion for mistrial. Later, during his closing remarks to the jury, the County Attorney again alluded to a prior criminal record of appellant:

> "Now, the defense defies me to mention anything about Mr. Francis' background with the police, and the defense counsel is the first one who objects when anything inadmissible comes into the trial. There are a lot of things, as you folks know, that are inadmissible in Court, and the law protects people who are picked up for charges on different charges for arrests and so on, and those things are inadmissible." (R.T. 527.)

These references to a prior police record, for which the County Attorney made no offer of proof, constitute reversible error. See State v. Eddington, 95 Ariz. 10, 386 P.2d 20 (1963), and State v. Jacobs, 94 Ariz. 211, 382 P.2d 683 (1963).

Reversed and remanded for new trial.

STRUCKMEYER and JENNINGS, JJ., concurring.