428 P.2d 676

STATE of Arizona, Appellee,

v.

Albert Dale NEIL, aka Albert Nolan Dale,
Appellant.

No. 1628.

Supreme Court of Arizona.

In Banc.

June 8, 1967.

Darrell F. Smith, Atty. Gen., Philip W. Marquardt, Asst. Atty. Gen., and Norman E. Green, County Atty., Pima County, for appellee.

Jack I. Podret, Tucson, for appellant.

UDALL, Justice.

Albert Dale Neil, hereinafter referred to as defendant, appeals from a judgment and conviction of guilty of robbery and conspiracy, rendered by the Pima County Superior Court on May 7, 1965.

The facts developed at the trial and viewed in the light most strongly in favor of upholding the jury verdict were these: on December 4, 1964, defendant, Joyce Dale, Michael Laub and Donna Culver gathered in the trailer occupied by defendant. They there decided upon a plan to rob certain of the motels in the Tucson area that evening. Later, the four named individuals got in defendant's car and drove to the Ramada Inn where defendant and Laub robbed one Valintine Ortolani. After fleeing the scene, the four of them proceeded to a second motel, the HiWay House, but a robbery attempt there ended in failure.

They returned to defendant's trailer and divided the money they had taken from Mr. Ortolani. The following day, December 5th, Michael Laub, in the company of his father went to the Tucson police station and reported the robbery. Donna Culver, Joyce

Dale and defendant were apprehended later the same day.

The first trial of defendant on the charges involved herein ended on February 19, 1965, when a mistrial was declared. Defendant's second trial terminated on a like note, when a mistrial was granted on April 16, 1965. It is from the judgment of conviction in the third trial on May 7, 1965, that defendant appeals.

Defendant presents seven questions to this Court for review, only one of which merits discussion. He contends the trial court erred in denying a motion for a mistrial based on the alleged misconduct of the county attorney during the trial, which substantially prejudiced defendant's right to receive a fair and impartial trial. It appears that during his closing argument to the jury the county attorney remarked:

> "Now, he said this person has got an unblemished record, there wasn't anything mentioned about that but he knows why. That was a misstatement. I won't go any further, but that was a misstatement, I can prove it."

 This Court has often noted that attorneys must be given wide latitude in their arguments to the jury. State v. Dowthard, 92 Ariz. 44, 373 P.2d 357; State v. Thomas, 78 Ariz. 52, 275 P.2d 408, affirmed 356 U.S. 390, 78 S.Ct. 885, 2 L.Ed.2d 863. But, we have also made it quite clear that the arguments must be based on facts which the jury is entitled to find from the evidence and not on extraneous matters that were not or could not be received in evidence. State v. Jordan, 80 Ariz. 193, 294 P. 2d 677.

 The record herein discloses that defendant took the witness stand and testified on his own behalf. The prosecutor cross-examined him and at that time had ample opportunity to introduce evidence of defendant's prior criminal record if such existed or · could be produced—but, no such evidence was offered by the county attorney.

The references and insinuations to a prior criminal record made by the county attorney in his closing argument and for which he made no offer of proof constitute reversible error. State v. Francis, 95 Ariz. 57, 386 P. 2d 654; see State v. Eddington, 95 Ariz. 10, 386 P.2d 20, and State v. Jacobs, 94 Ariz. 211, 382 P.2d 683. We think the prosecutor's remarks, whether intended as such or not, dragged into the case by insinuation and suggestion matters that were collateral and irrelevant. The remarks, coming as they did in the closing argument to the jury, could not help but to have left the impression in the mind of the jury that the county attorney actually had such facts at hand and that probably there was some truth to the insinuations. We do not and cannot condone the use of such an avenue of improper argument to secure the conviction of one charged with a crime for it does not comport with the spirit of fairness which is one of the most basic tenets of the administration of criminal law.

 The State's contention that this is a case where the doctrine of "invited error" is applicable is without merit. The doctrine, which has been recognized by this Court on a number of occasions, provides that where remarks of the prosecuting attorney, even if improper, are occasioned or invited by defense counsel, or are in reply to or in retaliation for his acts or statements, they are generally not grounds for reversal unless they go beyond a pertinent reply or are necessarily prejudicial. State v. Smith, 101 Ariz. 407, 420 P.2d 278; State v. Gortarez, 98 Ariz. 160, 402 P.2d 992; State v. Evans, 88 Ariz. 364, 356 P.2d 1106.

 The State points to the following remarks made by counsel for defendant in his closing argument as inviting the error:

> "Did he (defendant) ever commit any crime? Thirty-five years and an unblemished record. If he had them you would have heard about them on cross examination."

\* \* \* \* \* \*

> "In this particular case, what evidence was there that before December 4th that this man had ever done anything wrong in

the world except maybe be stupid, not too rich, and work hard."

We are of the opinion that under the facts of this particular case the county attorney's statements go beyond a pertinent reply to the above remarks made by defendant's counsel and undoubtedly were necessarily prejudicial.

Other questions have been raised which we have given consideraion, but we have found them to be without merit and unnecessary to be discussed in view of the disposition we are making of this case.

Judgment reversed, and the cause remanded for a new trial not inconsistent with this opinion.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.