451 P.2d 602

**STATE of Arizona, Appellee,**
v.
**Othellon HANNON, Appellant.**
**No. 1887.**

Supreme Court of Arizona.
In Banc.
March 13, 1969.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix for appellee.

Stephen W. Connors, Phoenix, for appellant.

LOCKWOOD, Vice Chief Justice:

Othellon Hannon, hereinafter referred to as defendant, appeals from a conviction of

first degree rape, in violation of A.R.S. § 13-611. The information alleges that the rape was committed by overcoming the prosecutrix' resistance by force or fear.

As grounds for his appeal, defendant contends that the verdict was contrary to the law and the weight of the evidence introduced at the trial; that the prosecutor made prejudicial remarks concerning defendant's prior conviction; that the prosecutor wrongfully expressed his personal belief as to the guilt of the accused; and that the prosecutor wrongfully vouched for the credibility of the State's witnesses.

In reviewing the sufficiency of the evidence to sustain a conviction, this Court will view the evidence in the light most favorable to the State, and will resolve all reasonable inferences unfavorably to defendant. State v. George, 95 Ariz. 366, 390 P.2d 899 (1964).

The record in this case indicates that defendant committed an act of intercourse with one Annie Robinson on or about September 25, 1965, in a ditch near Laveen, Arizona. The act of intercourse was also testified to by Penny Louise Jones, the defendant's half-sister. Both Annie Robinson and Penny Louise Jones had gone with the defendant and about twelve other persons to the Laveen area to pick cotton.

Annie Robinson testified that the defendant grabbed her as she went to the scales to weigh her cotton, and that defendant threw her down and took her clothes off of her. In response to the prosecutor's question, Annie Robinson testified that she was afraid and that her fear was caused by the fact that defendant had a gun in his hip pocket. Penny Louise Jones also testified to the fact that defendant had a gun in his hip pocket, that the defendant shoved Annie Robinson into the ditch and forcefully undressed her, and that Annie Robinson struggled with the defendant.

The test for determining whether evidence introduced at trial is competent to support the conclusions of a jury was elaborated upon in State v. Bearden, 99 Ariz. 1, 405 P.2d 885 (1965):

"We are only concerned with whether there is substantial evidence in support of the verdict. State v. Rivera, 94 Ariz. 45, 50, 381 P.2d 584. Reversible error occurs where there is a complete absence of probative facts to support the conclusion. State v. Mahan, 92 Ariz. 271, 272, 376 P.2d 132; State v. Milton, 85 Ariz. 69, 331 P.2d 846. When we consider whether the verdict is contrary to the evidence we do not decide whether we would reach the same conclusion as the jury. Rather, we decide whether there is competent evidence to support the conclusion found or, alternatively, whether the verdict was found without evidence from passion, prejudice or other improper motive. Quong Yu v. Territory of Arizona, 12 Ariz. 183, 186, 100 P. 462. Evidence is not insubstantial simply because the testimony is conflicting or reasonable persons may draw different conclusions therefrom. Macias v. State, 39 Ariz. 303, 307, 6 P.2d 423. Substantial evidence means more than a scintilla and is such proof as a reasonable mind would employ to support the conclusion reached. Henzel v. Cameron, 228 Or. 452, 365 P.2d 498, 503. It is of a character which would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed. Grange v. Finlay, 58 Wash.2d 528, 364 P.2d 234, 235. If reasonable men may fairly differ as to whether certain evidence establishes a fact in issue then such evidence must be considered as substantial. Smith v. Schumacker, 30 Cal. App.2d 251, 85 P.2d 967, 972; Davis v. Hartley, 69 N.M. 91, 364 P.2d 349, 351." 99 Ariz. at 3, 4, 405 P.2d at 886, 887.

The jury in this case could have concluded that the attack upon Annie Robinson by a man armed with a gun created such a threat of immediate bodily harm as to prevent her resisting more than the evidence showed that she did. Although there is no evidence of an express threat

of bodily harm, we agree with the case of People v. Flores, 62 Cal.App.2d 700, 145 P.2d 318 (1944), that "A threat may be expressed by acts and conduct as well as by words." 145 P.2d at 320. Also, "* * * consent induced by force or fear and intimidation does not amount to consent in law and does not prevent the intercourse from being rape." State v. Denton, 101 Ariz. 455, 459, 420 P.2d 930, 934 (1966); Willingham v. State, 201 Ga. 339, 39 S.E. 2d 751 (1946). We believe there was sufficient evidence to sustain the jury's verdict.

Defendant contends next that the prosecutor's remarks concerning defendant's prior conviction of assault with a deadly weapon resulted in prejudicial error requiring a reversal of the conviction. The prosecutor had remarked that the defendant was not a person who could "set an example for anybody", and in rebuttal argument the prosecutor stated "Where he is today is at the State Penitentiary." (Defendant had previously testified on cross-examination as to his incarceration in the State Penitentiary.)

Arizona has a long history of cases indicating that attorneys are given a wide latitude in their arguments to the jury. State v. Neil, 102 Ariz. 299, 428 P. 2d 676 (1967). The Neil case, *supra*, was reversed because the prosecutor had made statements of prior misconduct which were not in evidence. The Court there stated that: "* * * arguments must be based on facts which the jury is entitled to find from the evidence and not on extraneous matters that were not or could not be received in evidence." 102 Ariz. at 300, 428 P.2d at 677. The record in the present case indicates that testimony of the prior conviction was admitted for impeachment purposes. We do not see where any argument in the present case was based upon facts which were not properly in evidence. While reference in the prosecutor's argument to anything not legally admissible might be objectionable, the prosecutor has wide latitude in actual discussion of the evidence. The remarks of the prosecutor did not call the jury's attention to any matter which they would not be justified in considering in determining their verdict. Nor do we think that the jurors were, under the circumstances of this case, influenced by these remarks. Sullivan v. State, 47 Ariz. 224, 55 P.2d 312 (1936); State v. Carter, 1 Ariz.App. 57, 399 P.2d 191 (1965). In any event no objection was made to these remarks during the argument.

Defendant's third contention is that the prosecutor wrongfully expressed his belief in the guilt of the accused. This objection is based upon the comment of the prosecutor that:

> "Penny Louise Jones was out in that field and there is no doubt in anybody's mind. There is no doubt in my mind, and beyond a reasonable doubt in your mind that that girl witnessed and gave an account under oath what she saw."

This statement is not an actual expression of the prosecutor's opinion of the guilt of the accused. It is rather an expression of his opinion of the credibility of his witness. We will consider this objection along with the last objection by defendant that the prosecutor committed reversible error by vouching for the credibility of his witnesses.

The prosecutor was entitled to discuss the credibility of the state's witnesses since the issue had been repeatedly raised by defense counsel. We do not think that the jury could have construed the statements by the prosecutor to mean that the state's witnesses were telling the truth as a matter of the prosecutor's own personal knowledge. The comments were thus within the permissible scope of argument to the jury.

Affirmed.

UDALL, C. J., and STRUCKMEYER, McFARLAND and HAYS, JJ., concur.