469 P.2d 838

**STATE of Arizona, Appellee,**

v.

**Don Mack SMITH, Appellant.**

**No. I CA–CR 193.**

Court of Appeals of Arizona, Division 1.

May 27, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HATHAWAY, Judge.

This appeal is from a conviction under A.R.S. § 13–919, possession of pistol by criminal, with a prior conviction. The defendant was tried to the court sitting without a jury. Upon a conviction, he was sentenced as a recidivist to imprisonment for not less than five nor more than ten years under A.R.S. § 13–1649.

On September 21, 1967, at about 6:40 p. m., Chandler police officers observed the defendant driving a 1960 Pontiac. The officers attempted to stop the defendant, who was sought on a rape charge, and pursued him beyond the Chandler city limits. The defendant was accompanied by another ex-convict, Thomas Draper, and two women. After a wild chase, the defendant's vehicle stopped in a rural area

where he fled into a cotton field. Officer Jones testified:

" * * * both of us bailed out of the car and Officer Maggard followed the Defendant and the Defendant ran into the cotton patch north a short distance and then turned going west into the cotton patch. At this time I had stopped at the back from his car probably 100 feet. I could see the Defendant running parallel, he was running parallel to me and I had a good side view of him. At that time he had what appeared to be a pistol in his hand."

Officer Jones fired toward the defendant, the defendant "hit the deck," dropping out of sight into the cotton growth. Officer Maggard approached the defendant, took him into custody and searched him. No weapon was found on his person. The defendant was placed under arrest on a charge of driving while under the influence of alcoholic beverages and/or drugs (which was subsequently dropped) and he was taken to the Chandler police station. Officers searched the area for a weapon at that time, but found none.

The following morning at about 6:40 a. m., Officer Reidhead searched the area and found a loaded pistol in the vicinity where the defendant was taken. The pistol was buried in a mound of freshly turned dirt, together with an unopened pack of Camel cigarettes.

When the defendant was taken to the police station he was shown the warrant for his arrest and he was advised of his *Miranda* rights. About an hour later, he was taken from his cell as part of a shakedown. Officer Jones then asked him what he had done with the pistol. Objection was made at the trial that there was no showing that he had waived his rights or indicated his willingness to proceed without the assistance of counsel. Subject to later testimony of the defendant on the question of the voluntariness of his statements, Officer Jones was permitted to testify. He stated:

"I had asked him, the Defendant, what he did with the pistol. He said he threw it in front of him as far as he could."

■ The defendant first contests the admissibility of his statements purportedly made to Officer Jones, contending that the record indicates that he was intoxicated at the time the "rights" card was read to him. Defense counsel urges that the "totality of circumstances" concept followed in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) governs and that the accused must be aware of the nature of his rights and capable of making an informed decision concerning any waiver. The state does not take issue with this position, but urges that the application of that concept led the trial court to the conclusion that the statement in question was voluntarily made.

One of the arresting officers testified that at the time of arrest the defendant:

" * * * smelled of alcoholic beverages. His eyes were bloodshot; his speech was clear. He wasn't staggering."

      *      *      *      *      *      *

"Q. Did he appear to know what he was doing when he was arrested?

A. Yes, sir.

Q. Did he in any way act incoherent?

A. No, sir.

Q. Did he stagger when he walked at all?

A. No sir."

In State v. Clark, 102 Ariz. 550, 434 P.2d 636 (1967) the Arizona Supreme Court said:

"The general rule with respect to confessions made by a person under the influence of intoxicants can be summarized as follows: proof that the accused was intoxicated at the time he confessed his guilt will not, without more, prevent the admissibility of his confession. See e. g., Commonwealth v. Chapman, 345 Mass. 251, 186 N.E.2d 818 (1962); People v. Dorman, 28 Cal.2d 846, 172 P.2d 686 (1946); 69 A.L.R.2d 361. However, if

274

it is shown that the accused was intoxicated to such extent that he was unable to understand the meaning of his statements, then the confession is inadmissible. Roper v. People, 116 Colo. 493, 179 P.2d 232 (1947)." 102 Ariz. at 553, 434 P.2d at 639.

Substantial evidence supports the trial court's conclusion that the defendant's statement was voluntarily made. We will not disturb that conclusion. State v. Hannon, 104 Ariz. 273, 451 P.2d 602 (1969); State v. Denton, 101 Ariz. 455, 420 P.2d 930 (1966); State v. Sanders, 101 Ariz. 410, 420 P.2d 281 (1966); State v. Rubio, 95 Ariz. 1, 385 P.2d 1017 (1963).

■ It is contended that the evidence does not connect the defendant with Exhibit 2, the pistol found at the scene and offered to show the corpus delicti. We conclude that Officer Jones' testimony that he saw "* * * what appeared to be a pistol in his hand;" the defendant's explanation that he threw the pistol; and its subsequent discovery at the scene in a mound of freshly disturbed dirt is supportive of defendant's possession. We reject defendant's contention as wholly unfounded.

■ A photocopy of a judgment was admitted showing that "Donald Mack Smith" was convicted of the offenses of burglary and grand theft in Maricopa County on July 9, 1963. The exhibit contained a set of fingerprints, dated "6–9–63" and a photograph. Also attached to the exhibit is a photocopy of a judgment of conviction of robbery of "Donald Mack Smith" dated March 10, 1958. The state had previously dismissed the allegation of a prior conviction of robbery on May 10, 1958. Certification of the exhibit by the Secretary of Arizona State Prison is condemned by the appellant. It is charged that the certification is deficient since it comes from the secretary who "* * * is not charged with keeping any documents, but only is charged with the maintenance of a register showing certain information. A.R.S. § 31-222 [sic A.R.S. § 31–221]" The information required in the register certainly covers that included in the exhibits complained of and the exhibits were properly admitted, as we recently pointed out in State v. Jackson, 10 Ariz.App. 139, 457 P.2d 301 (1969). See also State v. Stone, 104 Ariz. 339, 452 P.2d 513 (1969).

■ We find merit in the final question presented. The defendant complains that an enhanced sentence was imposed in reliance on the showing that the defendant was the person named in the burglary conviction, used as the basis to create the offense charged against him. A.R.S. § 13-919 contemplates proof of prior conviction of a crime of violence and the possession of a pistol. We find the following language used by the Kansas Supreme Court particularly appropriate:

"The possession and control of the pistol by defendant * * * was a felony only because of his previous conviction of felonious assault. It is quite true that defendant now stands convicted of two felonies—but only because his previous conviction—coupled with his subsequent possession and control of the pistol—combined to create the second. Furthermore—if the habitual criminal statute were to apply to the facts of this case the practical effect would be to nullify the penalty provision of the special statute in question—which is imprisonment for not to exceed *five* years. In fixing such penalty the statute itself takes into account the fact of the previous conviction." State v. Ware, 201 Kan. 563, 442 P.2d 9, 11 (1968) [Emphasis in original]

Likewise, we conclude that our statute takes into account the fact of the previous conviction and we must therefore remand this cause for resentencing. The judgment is otherwise affirmed.

HOWARD, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120 subsec. E.