478 P.2d 87

**STATE of Arizona, Appellee,**

*v.*

**Jeff Allan DUTTON, Appellant.**

**No. 2074.**

Supreme Court of Arizona,
In Banc.
Dec. 23, 1970.

464

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Goodson, Richmond, Rose & Wolfram, by Donald E. Wolfram, Phoenix, for appellant.

LOCKWOOD, Chief Justice:

Appellant (hereinafter referred to as defendant) was convicted below of first degree rape, with a prior conviction. He was sentenced to a term of not less than twelve nor more than fifteen years, the minimum sentence with a prior conviction being ten years. He appeals, claiming insufficiency of the evidence, prejudicial remarks by the trial judge and the prosecuting attorney, and erroneous instructions to the jury.

The facts adduced at trial, taken in the light most favorable to sustaining the verdict (State v. Bearden, 99 Ariz. 1, 405 P.2d 885 (1965)) are the following. At the time of the incident the prosecuting witness was eighteen years old and had just graduated from high school. The defendant was twenty years old, newly married and the father of a week-old baby. The defendant and prosecuting witness had dated each other prior to his marriage.

On the afternoon in question, the defendant was driving his Volkswagen automobile near the home of the prosecuting witness when a girl friend of the latter stopped him. The prosecuting witness asked the defendant to take her girl friend home, and both girls entered the automobile. After delivering the girlfriend to her home, the defendant and the prosecuting witness decided to go to the Village Inn Pizza Parlour for a Coke, where they were refused service because the prosecuting witness was barefoot.

They then went to a liquor store where the defendant purchased a six-pack of beer. The two then went to an isolated spot on the desert to drink, driving past the home of the prosecuting witness. The two young people sat in the defendant's automobile drinking beer and talking. When the radio mentioned the time the prosecuting witness said that she had to go home. The defendant then told her she was not going home yet and threatened her with a hammer until she was "real scared". The defendant tore off her clothing and started to rape her in the car. He then dragged her out of the car, placed her upon a cushion and completed the act of sexual intercourse. The prosecuting witness attempted to resist, but was subdued by the defendant's threats. The defendant is a large man, over six feet tall.

The defendant drove the prosecuting witness home, making her promise not to tell. The defendant dropped the prosecuting witness off on the corner near her home, but she went instead to her girl friend's home. Her mother was called immediately, and went over to find the prosecuting witness "crying and all upset". When her mother asked her why she was upset, she answered that she had been raped. Her mother and stepfather took her to the hospital, where she was examined by a doctor who testified at trial. He stated that his examination showed that she had had intercourse recently and that she had a few scratches. He testified that his examination led him to believe this was

probably her first act of intercourse. The prosecuting witness testified that the incident in question was her first act of intercourse. Defendant tells a different story, claiming the prosecuting witness consented to have sexual intercourse with him.

Defendant contends the above evidence is insufficient to support a verdict of guilty. However, we have consistently held as long as there is substantial evidence to support the verdict, this Court will uphold it. We hold there was sufficient evidence to sustain the verdict.

Defendant further complains that there is no evidence to corroborate the testimony of the prosecuting witness, asserting that her testimony alone is insufficient to support a verdict of guilty. We disagree. A conviction of rape may be had upon the testimony of the prosecuting witness alone. State v. Scott, 105 Ariz. 109, 110, 460 P.2d 3 (1969); State v. Pollock, 57 Ariz. 415, 114 P.2d 249 (1941); Curby v. Territory, 4 Ariz. 371, 42 P. 953 (1895).

On the last day of trial, one of the defendant's witnesses, his wife, was late for trial. In the presence of the jury, the trial court ordered her to be present at a contempt hearing that afternoon. (Her excuse, transmitted through a bailiff, was that she could not find a baby-sitter. The jury apparently heard the judge mention this.) The defendant complains that this caused the jury to believe that the trial court viewed his witness with disfavor. He bases his argument on the landmark case of State v. Swink, 151 N.C. 726, 66 S.E. 448 (1909). In that case, however, the trial judge, in the presence of the jury, ordered the arrest of defendant's key witness for perjury. That, in effect constituted a comment on the credibility of the witness, which is a matter strictly within the province of the jury. We are of the opinion the act of the court here does not fall within the same category. Here the trial court only stated that a contempt hearing would be held because the witness was late. He made no reference to her credibility. We cannot say it was prejudicial error.

Defendant next contends that the prosecuting attorney's remarks in closing argument so prejudiced him that he was not afforded a fair trial. The prosecutor argued that the defendant had made his account of the facts fit with testimony given by the other witnesses.[1] The defendant did not object to these comments at trial, which would preclude him from objecting to them on appeal; State v. Hannon, 104 Ariz. 273, 451 P.2d 602 (1969). However he asserts that rape cases are an exception to this rule, and that the remarks constituted an improper comment on his Sixth Amendment rights. We do not agree. These remarks alluded to the presence of the defendant which defense counsel alleges is prohibited in Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). Griffin is not applicable because in that case, the prosecutor commented on the fact the defendant had not taken the stand, to deny his guilt. Here the defendant did testify, and the prosecutor was not precluded from commenting on defendant's testimony.[2] Attorneys have wide latitude

1. "I want you to try to think back over the inconsistencies as Mr. Whitney [defense counsel] has called them, in this girl's testimony, and tell me where they come from. They come from one place and one place only, the story that Mr. Dutton told you.

"If there are any inconsistencies they are there because they are inconsistent with the account which he gives, the account which he gives, of course, is different. And what other account could he give? He had to say something. He did say something. And he made it fit.

And he did, just like his attorney, Mr. Whitney, did, when asked about a fact that caused him trouble, he said, 'Well, I don't know about that. I don't remember. Well, maybe I said that at the preliminary hearing, but I was confused. It could be that.' "

2. "Seated there, on the other hand, is a convicted felon, a man who under oath said, on Mr. Whitney's question, 'Did you have sexual intercourse with her,' 'No, I did not;' who said here before you, 'Yes, I did.' "

in their remarks to the jury, provided they are supported by the evidence. State v. Hannon, supra; State v. Neil, 102 Ariz. 299, 428 P.2d 676 (1967). There is no merit in defendant's contention.

 Defendant's last point is that an instruction given by the trial court improperly placed the burden of proving innocence upon him. The defendant did not object to this instruction at trial; in fact he requested it. He cannot object to it now.

Affirmed.

STRUCKMEYER, V. C. J., and UDALL, McFARLAND, and HAYS, JJ., concur.

"He is lying in one place or the other. He has committed perjury. And I tell you and submit to you, is a convicted felon, a perjurer. And he should be, today, a rapist."

"MR. WHITNEY: I object to that. He said a convicted felon and a perjuror.
"THE COURT: He hasn't been convicted of perjury and that should not be inferred by the jury from the statement of counsel."