621 P.2d 283

The STATE of Arizona, Appellee,

v.

Paul Dennis BLY, Appellant.

No. 2 CA–CR 1865.

Court of Appeals of Arizona,
Division 2.

Feb. 15, 1980.

Rehearing Denied March 26, 1980.

Review Granted April 15, 1980.

Robert K. Corbin, Atty. Gen., Phoenix by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Charles L. Weninger, Tucson, for appellant.

## OPINION

RICHMOND, Judge.

Appellant pled guilty to two counts of armed robbery and was sentenced to two concurrent prison terms of ten and one–half years. He challenges the severity of his sentence because the fact that he was armed with a deadly weapon was used to increase his punishment in three ways:

1) By raising the offense of robbery (A.R.S. § 13–1902) to armed robbery (§ 13–1904);

2) By enhancing the penalty under A.R.S. § 13–604(G);

3) As an aggravating factor under § 13–702(D).

We disagree with his argument that the legislature could not have intended the sentences imposed.

The criminal code provides for three degrees of robbery. The basic offense is a class 4 felony. A.R.S. § 13–1902. If the robber is aided by an accomplice, the crime becomes aggravated robbery, a class 3 felony. A.R.S. § 13–1903. The severity of the offense is increased to a class 2 felony if the robber is armed with a deadly weapon, or if he uses or threatens to use a deadly weapon or dangerous instrumentality. A.R.S. § 13–1904. A separate statute, A.R.S. § 13–604(G), also provides for enhanced punishment for class 2 or 3 felonies involving the use or exhibition of a deadly weapon or dangerous instrument. Appellant contends that the court erred in sentencing him to ten and one–half years imprisonment, the presumptive sentence under A.R.S. § 13–604(G), since the fact that he used a deadly weapon had already raised the penalty under A.R.S. § 13–701 by making the robbery a class 2 rather than a class 4 felony.

The cases on which appellant relies do not involve a statutory scheme or statutory language similar to the Arizona Criminal Code. Designation of armed robbery as a class 2 felony does not automatically impose any specific penalty. In order to find the significance of the classification one must refer to A.R.S. § 13–701(B), which provides:

*Except as provided in § 13–604* the term of imprisonment for a felony shall be determined as follows for a *first offense* :

1. For a class 2 felony, seven years.
2. For a class 3 felony, five years.
3. For a class 4 felony, four years.
4. For a class 5 felony, two years.
5. For a class 6 felony, one and one-half years.

(Emphasis added.)

From the emphasized language, it is clear that the terms of imprisonment set forth in § 13–701(B) do not apply to a felony that is not a first offense or if the provisions of § 13–604 provide otherwise.

A.R.S. § 13–604(G) states, in part, that upon a first conviction of a class 2 felony involving the use of a dangerous weapon the defendant shall be sentenced to imprisonment for not less than nor more than three times the sentence authorized in § 13–701, that is, not less than seven nor more than 21 years. The statute provides further that the defendant is not eligible for suspension or commutation of sentence, probation, pardon or parole or release on any basis until not less than two–thirds of the sentence imposed by the court has been served. In other words, there is a mandatory prison sentence for the use of a deadly weapon.

A.R.S. § 13–604(G) also provides that the court shall impose as a presumptive term three–fourths of the median of the allowable range, except in the case of a third or subsequent conviction. It provides further that this presumptive term may be mitigated or aggravated within the range prescribed pursuant to the terms of A.R.S. § 13–702, subsections C, D and E.

Sentencing is governed by § 13–702. Subsection B deals with the method of sentencing for class 2 felonies but specifically exempts those felonies involving the use of a deadly weapon from its terms. Subsections D and E set forth the aggravating and mitigating circumstances and subsection C requires the trial judge to make findings of fact and set forth reasons in the record if he imposes more or less than the presumptive sentence.

Unlike the situation in the cases on which appellant relies, there is no conflict in the Arizona code between a specific and a general statute. If A.R.S. § 13–701(B) is a specific statute, it expressly makes its provisions subject to § 13–604. Thus the intent of the legislature is clear and unambiguous.[1] The provisions of the latter section may not be written off so that a person convicted of armed robbery would be subject to a maximum sentence of 14 years under § 13–702(B) and be eligible for probation, contrary to the clear legislative intention under § 13–604(G), merely because the enhancement is a two–or even three–step process.

Neither does this court's opinion in *State v. Smith*, 12 Ariz.App. 272, 469 P.2d 838 (1970), have any application. In *Smith*, as in the cases from other jurisdictions that appellant has cited, the statute defining the crime provided a specific penalty. In that circumstance an element of the crime may not be used to increase punishment under a general enhancement statute.

Appellant's arguments that one aggravating circumstance should not balance two mitigating circumstances and that the allegation of the dangerous nature of the felony was invalid because it was not contained in the indictment are without merit. The first has been refuted in *State v. Brookover*, 124 Ariz. 38, 601 P.2d 1322 (1979), and the second by A.R.S. § 13–604(K), which affords discretion to allow the allegation at any time prior to trial.

Finally, any irregularity in the court's finding of aggravating circumstances was waived by failure to object at the time. In view of the presumptive sentence imposed, no such finding was required by § 13–702(C), but in any event the court's use of the language of subsection D, "infliction or threatened infliction of serious physical injury," where the record discloses only the threat of such injury, was a technical

---

1. Cf. *State v. Rodriguez*, 126 Ariz. 104, 612 P.2d 1067 (1980) (upholding imposition of increased punishment under A.R.S. § 13–604 although use of a gun was an element of the underlying aggravated assault).

irregularity that does not require resentencing. *See State v. Knapp*, 114 Ariz. 531, 562 P.2d 704 (1977), *cert. den.* 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.