654 P.2d 21

·The STATE of Arizona, Appellee,

v.

**Randal Joseph DAVIS, Appellant.**

No. 2 CA–CR 2578.

Court of Appeals of Arizona,
Division 2.

Sept. 23, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Georgia B. Ellexson, Asst. Attys. Gen., Phoenix, for appellee.

James Parker Watts, Jr., Tucson, for appellant.

OPINION

HOWARD, Chief Judge.

This is an appeal from a conviction of theft and escape in the second degree with a prior entered pursuant to a guilty plea. Appellant had been incarcerated for burglary in the second degree when he escaped on June 2, 1981, by stealing a state pickup truck. Counsel for appellant was immediately appointed, but at appellant's request, his counsel's status was changed to advisory counsel. In that capacity, the court requested that advisory counsel contact a Mr. DuBois by telephone so that appellant could interview him. DuBois had seen the pickup leave the jail and it was appellant's belief that DuBois could testify that appellant was not in the truck.

The day prior to trial, advisory counsel had not contacted DuBois and the court ordered the clerk to issue the proper subpoena. Judge Fernandez also indicated that appellant would be given an extra day to deal with any potential problems if the extra time was needed. The hearing was adjourned, but later that same day appellant changed his plea of not guilty to guilty on all counts.

It is appellant's contention that: (1) The trial court erred when it utilized his burglary conviction as a prior to enhance his sentence for escape; (2) the trial court could not impose a sentence greater than the two years specified under A.R.S. § 13–701(B)(4) for a class 5 felony because the judge failed to specify the aggravating or mitigating circumstances used to reach the greater sentence; (3) appellant was denied effective assistance of counsel because his advisory counsel failed to issue a subpoena for a witness. We disagree and affirm.

Appellant's reliance on *State v. Smith,* 12 Ariz.App. 272, 469 P.2d 838 (1970) and a number of cases from other jurisdictions is

misplaced. None of the cases from other jurisdictions involve statutory language or a statutory scheme similar to the Arizona Criminal Code. Additionally those cases concern statutes in which the prior conviction which is being used to enhance the conviction is part of the substantive crime. For example, in *State v. Smith,* supra, the accused was charged with possession of a pistol by a criminal with a prior conviction and the same statute which defines the crime also sets forth the penalty.

The Arizona Legislature, however, has set forth a comprehensive statutory scheme that leads to a different result. A.R.S. § 13–2503 defines escape as a class 5 felony. No specific penalty is provided and one must resort to A.R.S. § 13–701 which provides: "B. Except as provided in § 13–604 the term of imprisonment for a felony shall be determined as follows for a first offense: * * * 4. For a class 5 felony, two years."

> A.R.S. § 13–604(A) in turn requires that: "[one] who has been tried as an adult and who stands convicted of a class 4, 5 or 6 felony, whether a completed or preparatory offense, and who has previously been convicted of any felony within ten years next preceding the date of the present offense, shall be sentenced to imprisonment for not less than the sentence and not more than twice the sentence authorized by § 13–701 for the offense for which the person currently stands convicted, and shall not be eligible for suspension or commutation of sentence, probation, pardon or parole or release on any other basis until not less than one-half of the sentence imposed by the court has been served. Upon imposing a sentence pursuant to this subsection the court shall impose as a presumptive term the median of the allowable range."

The application of the increased sentence is obviously mandatory. Thus, the trial court can utilize the same element to determine a crime as well as enhance punishment.

In *State v. Bly,* 127 Ariz. 370, 621 P.2d 279 (1980) the Arizona Supreme Court addressed the issue as it related to robbery with a deadly weapon:

> "If the presence of a deadly weapon, as an element of the crime or otherwise, moves the legislature to impose more severe punishment for the offense, we must abide by the legislative determination. [citations omitted.] The punishment may be severe and it may be a single element of the crime which mandates the legislative decision to make probation unavailable and a minimum prison term mandatory, but that does not mean a defendant is being punished time and time again for a single act. It merely defines a single harsh punishment for a single severe crime." 127 Ariz. at 373, 621 P.2d 279.

See *State v. Meador,* 132 Ariz. 343, 645 P.2d 1257 (1982); *State v. Tresize,* 127 Ariz. 571, 623 P.2d 1 (1980); *State v. Martinez,* 127 Ariz. 444, 622 P.2d 3 (1980).

Similarly, appellant has erred in his contention that the sentence imposed by the trial court is incorrect because the judge failed to specify the aggravating or mitigating circumstances used to determine the sentence. A.R.S. § 13–604 and § 13–701 indicate that in a case such as the one at bar, the trial court must impose a presumptive sentence of three years. This is precisely what the trial court did. In such a situation A.R.S. § 13–702(C) does not require that the trial court's findings on aggravation and mitigation be set forth. *State v. Bly,* supra.

Finally, appellant contends that the failure of his advisory counsel to contact DuBois denied him effective assistance of counsel. Appellant apparently does not contend that ineffective assistance of counsel coerced him into pleading guilty to theft. Indeed, the record indicates that the trial court carefully complied with the requirements of both Rule 17, Arizona Rules of Criminal Procedure, 17 A.R.S., and *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) before it entered a finding that appellant voluntarily and intelligently pled guilty. Any claim of error is therefore waived by the plea. *State v. Howard,* 106 Ariz. 403, 476 P.2d 858 (1970);

*State v. Maxwell,* 19 Ariz.App. 431, 508 P.2d 96 (1973).

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.