451 P.2d 27

STATE of Arizona, Appellee,

v.

Frank CHAMBERS, Appellant.

No. 1860.

Supreme Court of Arizona.

In Banc.

March 7, 1969.

Darrell F. Smith, Former Atty. Gen., Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Hunter, Bartlett & Penn, by Gerald D. McCafferty, Phoenix, for appellant.

HAYS, Justice.

Frank Chambers, hereinafter referred to as defendant, was charged and found guilty of armed robbery in violation of A.R.S. § 13–641 and § 13–643, and for assault with

a deadly weapon in violation of A.R.S. § 13-249. From his conviction he appeals.

On November 5, 1965, the Liquor Den of Tempe, Arizona was the object of an armed robbery. During the course of the robbery the owner was shot and wounded. After defendant's arrest, the store's owner identified him in a line-up. Before trial the defendant apparently felt he could exonerate himself by submitting to a polygraph test. The Public Defender's office, representing the defendant, entered into a detailed written stipulation with the County Attorney's office that the test would be given and the results used as evidence in the trial. The results indicated that the defendant was not telling the truth.

■ The defendant's first assignment of error is that the trial court erroneously admitted into evidence the results of the polygraph test. Defendant concedes that he signed the stipulation agreeing to take the test, and more importantly, that he agreed that the results could be used as evidence at his subsequent trial. Defendant, however, claims that he did not know the nature and the purpose of the stipulation, and did not realize he was waiving his privilege against self-incrimination. This Court has approved the admissibility of results from lie detector tests in criminal cases, but only when the parties have expressly stipulated to their admission, State v. Valdez, 91 Ariz. 274, 371 P.2d 894 (1962); State v. Sneed, 98 Ariz. 264, 403 P.2d 816 (1965).

The record indicates that the Superior Court, out of the presence of the jury, heard the following testimony concerning the stipulation: (1) the defendant was represented by competent counsel at the time he signed the stipulation; (2) the effect of the stipulation was explained in reasonable detail to the defendant, and (3) it was the defendant, not his defense counsel or the state, who expressed the desire to have the polygraph test.

■ The trial court has discretion to determine the admissibility of evidence, State v. Valdez, supra. The trial court is given "reasonable discretion" in determining the relevancy and admissibility of evidence, State v. Turner, 92 Ariz. 214, 375 P.2d 567 (1962).

The defendant next contends that he was denied his right to a fair trial under the 5th, 6th, and 14th amendments to the United States Constitution. He bases his argument upon the denial by the trial court of his motion requesting that the state pay for the services of an additional polygraph expert who might testify on his behalf. To support his position, Defendant refers us to People v. Watson, 36 Ill.2d 228, 221 N.E.2d 645 (1966); Bush v. McCollum, 231 F.Supp. 560 (D.C.1964), Affm. at 344 F.2d 672 (5th Cir. 1965); Jacobs v. United States, 350 F.2d 571 (4th Cir. 1965).

■ This Court specifically ruled on this question in the recent case of State v. Bowen, 104 Ariz. 138, 449 P.2d 603, filed January 23, 1969. In that case, we stated:

"It is ably argued that indigent defendants should be afforded expert testimony at state expense. People v. Watson, 36 Ill.2d 228, 221 N.E.2d 645 (1966) (handwriting expert in a forgery case); Ambassador Goldberg, Equality and Governmental Action, James Madison Lecture copyrighted by New York University School of Law, p. 18 (February 11, 1964); Report of Attorney General's Committee on Poverty and the Administration of Criminal Justice, p. 12 (1963).

*This Court has never held that an indigent is entitled to experts at State expense, and no Arizona authority is cited to this effect.* In State v. Crose, 88 Ariz. 389, 357 P.2d 136 (1960), it was held that an indigent defendant who had entered a plea of not guilty by reason of insanity was not entitled to have medical experts appointed at State expense to assist him in his defense. * * * *Until the power of the courts to order payment of defense experts is authorized by appropriate legislation, we cannot judicially legislate to enlarge the scope of the term "counsel" to encompass expert testimony."* (Emphasis added.)

■ Defendant next assigns as error the failure of the Court to give defendant's requested instruction. This instruction was a small part of a larger instruction, and was approved by the Court. However, for some unknown reason it was not given. We, however, conclude the omission is not reversible error for two fundamental reasons. First, even with knowledge of the approval the defendant failed to object to the omission. In State v. Rodgers, 7 Ariz. App. 29, 435 P.2d 864 (1967), the defendant failed to object to an instruction which informed the jury of the legal effect of the defendant's flight after the crime. The court held such failure waived any right to challenge the instruction on appeal. We said in State v. Evans, 88 Ariz. 364, 369, 356 P.2d 1106, 1109 (1960):

> "It is an accepted rule of law that appellate courts will only consider such questions as were raised at the trial with respect to errors or omissions in the giving of instructions. 5 Wharton, Criminal Law Procedure § 2097, p. 265 (1957). The rule stated by Wharton is the accepted rule in this jurisdiction, Rule 272, Rules of Criminal Procedure, 17 A.R.S. Rule 272 provides: 'The law of evidence and the law relating to instructions to the jury in civil actions shall apply to criminal actions except as otherwise provided.' Rule 51 of the Rules of Civil Procedure, 16 A.R.S., provides in part: 'No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.' "

Secondly, the part of the instruction requested by defendant stated:

> "Evidence of identification of the defendant in the absence of prior familiarity with him is merely the expression of an opinion by a witness, and is to be regarded by the jury in the same light as any other opinion that may be expressed by a witness."

■ Identification is almost always a matter of opinion. State v. Sutton, 272 Minn. 399, 138 N.W.2d 46 (1965); State v. Linzia, 412 S.W.2d 116 (Missouri—1967). We can certainly assume that the jury viewed the store owner's identification of defendant as his "opinion".

Defendant's next assignment of error also relates to the trial court's instructions. The defendant and the state agreed in the stipulation that if the polygraph tests were used as evidence, the court would give a certain instruction regarding their veracity. The defendant alleges that the court ignored the instruction and that this was prejudicial error. The parties agreed as follows:

> "The Court shall also instruct the jury that they shall not accept the test result and the examiner's opinion as conclusive of the issues before them, but that they are privileged to consider the results of the examiner's opinion along with all the other evidence in the case and give the polygraph evidence whatever weight and effect they think it reasonably deserves."

■ Defendant cannot maintain that such a stipulation limits the instructions a trial court may give. However, we concede that since the stipulation was admitted into evidence, any significant departure might result in unfairness to the defendant. We conclude the record indicates the stipulated instruction was sufficiently adhered to. Although the Court didn't use the exact language in the stipulation, it still effectively reflected the import and meaning of the stipulated instruction. The Court is not bound to instruct in the exact terms of an approved instruction, as long as the jury is otherwise correctly instructed on the applicable law.

■ In his final argument, defense counsel attempted to impress upon the jury that eye-witness identification is often unreliable. To support this thesis, he began reading an excerpt from a book entitled

**250**

"Reasonable Doubt". The Court sustained the prosecution's objection upon the ground that the defendant was improperly attempting to introduce in his argument matters not in evidence. Defendant unsuccessfully argued that the book was only being used to reinforce defendant's theory that eyewitnesses are not necessarily reliable. He now contends that the refusal of the Court to permit him to read from the book was reversible error.

> Rule 271, Rules of Criminal Procedure, 17 A.R.S., reads as follows:

> "It shall be the duty of the court to control all proceedings during the trial, and to limit the introduction of evidence and the argument of counsel to relevant and material matters, for the purpose of expeditious and effective ascertainment of the entire truth regarding the matters involved."

In State v. Neil, 102 Ariz. 299, 300, 428 P.2d 676, 677 (1967), we said:

> "This Court has often noted that attorneys must be given wide latitude in their arguments to the jury. State v. Dowthard, 92 Ariz. 44, 373 P.2d 357; State v. Thomas, 78 Ariz. 52, 275 P.2d 408, affirmed 356 U.S. 390, 78 S.Ct. 885, 2 L. Ed.2d 863. But, we have also made it quite clear that the arguments must be based on facts which the jury is entitled to find from the evidence and not on extraneous matters that were not or could not be received in evidence. State v. Jordan, 80 Ariz. 193, 294 P.2d 677."

The defendant cites no cases which hold that it is reversible error for the trial court to refuse to permit counsel to read in closing argument, books or other writings not in evidence. We hold that this is a matter within the discretion of the trial court.

The judgment is affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and McFARLAND, JJ., concur.