455 P.2d 975

**STATE of Arizona, Appellee,**

v.

**Charles Gregory FORGAN, Appellant.**

No. 1843.

Supreme Court of Arizona.

In Division.

June 18, 1969.

Rehearing Denied July 15, 1969.

———◆———

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Sol L. Hamburger, Phoenix, for appellant.

LOCKWOOD, Vice Chief Justice:

Charles Gregory Forgan, hereinafter referred to as defendant, was tried and convicted of the crime of robbery with a prior conviction. Defendant was sentenced to serve a term of not less than five nor more than six years at the Arizona State Prison.

Prior to trial, defendant attempted to get the county attorney to stipulate to the admissibility of a lie detector examination. The county attorney refused to so stipulate. Also prior to trial, defendant moved for an order allowing admission in evidence of a lie detector examination which he offered to take. The motion was denied.

At the trial, defendant testified on his own behalf, offering proof of his willingness to take a lie detector examination. The offer was rejected by the court.

From his conviction and sentence, defendant appeals contending that the county attorney abused his discretion by arbitrarily refusing to stipulate to the admissibility of any lie detector evidence. Defendant also contends that the trial court erred in denying his motion to allow evidence of a lie detector examination which defendant was willing to take, without the county attorney's stipulation, and that the court erred in not permitting defendant's offer of proof of his willingness to take the lie detector examination.

Stated simply, defendant's argument is as follows: The kind of discretion required of the county prosecutor is not different from that required of the judge. The prosecution has a duty to exercise his discretion reasonably, and must not exercise it arbitrarily. Upon a claim that the

prosecutor's action is arbitrary and unreasonable as to a defendant, it is incumbent upon the prosecutor to show some basis for his refusal to stipulate. Defendant cites no ruling to support his conclusion, nor do we agree that as stated this is the law.

State v. Valdez, 91 Ariz. 274, 371 P.2d 894 (1962), is the leading case in Arizona on the admissibility of lie detector evidence. In Valdez, the defendant was tried for possession of marijuana. Pursuant to written stipulation before trial defendant submitted to a polygraph examination. The Court held that although much remained to be done to perfect lie detectors as a means of determining credibility, it had developed to such a state that its results were probative enough, subject to certain qualifications to warrant admissibility upon stipulation. It is unnecessary here to restate all of the conditions precedent to the admissibility of lie detector tests. It is sufficient to state that the first qualification is

> "That the county attorney, defendant and his counsel all sign a written stipulation providing for defendant's submission to the test and for the subsequent admission at trial of the graphs and the examiner's opinion thereon on behalf of either defendant or the state." 91 Ariz. at 283, 371 P.2d at 900.

We note that there are judicial safeguards to the admissibility of lie detector tests, even in the presence of a stipulation thereto. It is still subject to rejection at the court's discretion if the trial judge is not convinced that the examiner is qualified or that the test was conducted under proper conditions. Assuming, arguendo, that the county attorney does exercise judicially reviewable discretion in refusing to stipulate to the admissibility of lie detector tests, we hold that such refusal can in no sense be considered arbitrary or unreasonable. The reasons for the inadmissibility of such tests generally are well stated in Valdez. We must recognize that such reasons are also sufficient justification for a refusal by the county attorney to stipulate to their admissibility. We thus hold that a refusal to stipulate is not an abuse of discretion by the county attorney nor does it violate any of defendant's rights in this case.

Our above holding is consistent with State v. Boodry, 96 Ariz. 259, 394 P. 2d 196 (1964), in which the Court held that the county attorney properly refused to stipulate to that defendant taking a polygraph test. Defendant in the present case would have us distinguish the Boodry case on the basis of the evidence present in that case. We do not believe that the question of the admissibility of polygraph examinations should depend upon the quantum or quality of proof present in each case.

We hold that it was not error, in the absence of stipulation, for the trial judge to refuse defendant's motion for the admission of lie detector evidence. State v. Valdez, supra.

Also quoting from Valdez:

> "* * * it is uniformly held that a defendant is not permitted to introduce evidence of his willingness to take a lie-detector test. E. g., Commonwealth v. Saunders, 386 Pa. 149, 156–157, 125 A.2d 442, 445–446 (1956)." 91 Ariz. at 278, 371 P.2d at 897.

An examination of the contentions raised by defendant and the law applicable thereto show that the contentions are without merit.

The judgment and sentence of the trial court are affirmed.

UDALL, C. J., and STRUCKMEYER, J., concur.