456 P.2d 411

Gerald D. NAGLE and Kathryn G. Nagle, husband and wife; and Gerald D. Nagle, Guardian of the Estate of Greg Francis Nagle, a minor, Appellants,

v.

Robert CONGER and the City of Scottsdale, a municipal corporation, Appellees.

No. 1 CA–CIV 715.

Court of Appeals of Arizona.

June 23, 1969.

Fenton J. McDonough, Scottsdale, for appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by David L. Haga, Phoenix, for appellees.

MOLLOY, Judge.

This case involves an accident in which a small boy was run over after he had placed himself immediately in front of the front grille of a temporarily stopped but idling truck which was being used for garbage collection. There was a jury verdict for the driver of the truck and his municipality employer, and appellants seek to persuade us that "* * * an accumulation of errors during the course of trial, each error in and of itself not of sufficient gravity to cause a reversal * * *," collectively led the jury into error and deprived appellants of a fair trial.

Appellants are the parents and guardian of the estate of Greg Francis Nagle, who was four and a half years old on July 30, 1964, the date of the accident in question. The appellee, Robert Conger, was at that time employed by the appellee, City of Scottsdale, as the truck-driving member of a two-man garbage collection team. Conger was driving a half ton, four-wheel-drive Dodge truck, which was pulling two trailer bins, used as garbage receptacles. Ed Hightower was the second member of the collection team. It was Hightower's job to pick up the garbage cans at each stop and place their contents in the bins. In between stops, Hightower rode on a platform to the side of one of the trailer bins.

The accident occurred during the morning hours in the 8700 block of East Starlight Way, a residential east-west street in

Scottsdale. The truck was proceeding in an eastward direction, but on the north side of the street, so that Conger could more conveniently assist Hightower when assistance was necessary. As the "garbage train" entered the block, a number of small children gathered about to observe and follow its progress. Most of the children stayed on the sidewalk near the bins. Conger recalled that just shortly before the accident, he saw a boy whom he subsequently knew to be Greg and another boy on the sidewalk on the south side of the street. The two boys had been running to keep approximately abreast of the truck when Conger moved it from one stop to another. Just before Conger stopped the truck near 8726 East Starlight Way, he noticed Greg turn around and start back in a westward direction on the south sidewalk, out of Conger's sight. Sometime while Conger was waiting for Hightower to complete the collection at 8726 East Starlight Way and checking to the front and rear of the truck before proceeding, Greg ran across the street and stood immediately in front of the truck. He reached up and touched the grille with his hands but neither he nor his hands extended over the top of the hood. The noisiness of the four-wheel-drive truck engine apparently masked the scream of a witness and Greg was knocked down and dragged some ten feet before Conger realized the situation and was able to halt his progress toward the next stop.

Appellants sought recovery in a single count complaint for both their own medical expenses and damages for Greg in his own behalf.[1] The answer filed by appellees asserted a defense of contributory negligence. There is no suggestion by appellants that they thought the defense might be applied to Greg, and the only evidence adduced at the trial conceivably tending to indicate any contributory negligence on the part of the parents was the fact that Greg was in the street seven houses away from

his own home at the time of the accident. This evidence came out on cross-examination of Greg's mother, as follows:

"Q Mrs. Nagle, is your house about seven houses from where the accident happened?

"A Yes.

"Q Was Greg permitted to play that far away down the street?

"A No, he was not.

"Q Had he ever been that far away down the street?

"A Not to my knowledge, he had never been down there.

"Q On any other occasion?

"A No, not to my knowledge.

"Q If you had known he was there, why, of course, you would have come and got him; is that right?

"A Yes, I would."

At the close of the evidence, the trial judge stated that in his view there was no issue of contributory negligence and that an instruction on the subject was not in order. The appellees concurred in this view. Appellants, who had readied an instruction of their own on the issue of contributory negligence in line with Town of Flagstaff v. Gomez, 23 Ariz. 184, 196, 202 P. 401, 406, 23 A.L.R. 661 (1921), to the effect that contributory negligence on the part of his parents could not be imputed to Greg, did not submit the instruction.

During final argument, counsel for appellees made passing reference to the fact that Greg was seven houses away from his own home at the time of the accident. Previous argument of appellants' counsel, however, had made more lengthy reference to pre-accident warnings and precautions taken by appellants and elicited on questioning by their own attorney. Appellants did not object to any of appellees' counsel's statements during argument in the trial court. The trial judge's instructions to the

---

1. The usual rules relating to apportionment of damages between parent and child are discussed in 67 C.J.S. Parent and Child §§ 40 and 55.

**94**

jury contained the following one, offered by appellants:

"Ordinarily, it is necessary to exercise greater caution for the protection and safety of a young child than for an adult person who possesses normal physical and mental faculties. One dealing with children must anticipate the ordinary behavior of children and take into account that they usually do not exercise the same degree of prudence for their own safety as adults, and that they are often thoughtless and impulsive. So, a driver who observes a small child playing or moving on or near a street under such conditions that a reasonable person should expect the possibility of thoughtless, erratic movements which might endanger the child's safety, must anticipate such movements and take precautions commensurate with the dangers involved. One observing a child in such a situation cannot assume that the child will remain in a place of safety, but must consider the contrary possibility."

The jury was given only two forms of verdict, one for the plaintiffs and one for the defendants. In referring to these at the close of his instructions to the jury, the trial judge stated:

"Now, you will note that there is no breakdown with regard to the plaintiffs' verdict. There is no breakdown as to the amount for the injury to the child and for the medical expenses; that will all be in one lump sum."

No objection was made by appellants in the trial court to these forms of verdict or to any of the trial judge's remarks explaining them. Nor was any alternative form or pertinent instruction submitted by appellants.

Appellants argue in this court that under all of the circumstances the trial judge should have, on his own motion, instructed the jury on contributory negligence and that its existence on the part of the parents could not be imputed to Greg; that defense counsel's allusion to Greg being seven houses away from his own home at the time of the accident was improper; and that the "all or nothing" forms of verdict without distinction between plaintiffs was the straw which, with the others, broke a fair trial's back. Appellants rely on selected excerpts from a paragraph in Coyner Crop Dusters v. Marsh, 91 Ariz. 371, 375, 372 P.2d 708, 711 (1962), for their proposition that a combination of non-reversible errors requires reversal if an unfair trial results. The entire paragraph is printed in the margin.[2]

■ We find no reversible error, cumulative or otherwise. While contributory negligence is an issue for jury determination, Ariz.Const. art. 18, § 5, A.R.S., there must be some evidence from which a reasonable man could infer its existence. Sax v. Kopelman, 96 Ariz. 394, 397, 396 P.2d 17, 19 (1964). Here, there is only the fact that the parents permitted this child to be playing on or near a residential street in his own neighborhood, unattended. Compare Esquivel v. Nancarrow, 104 Ariz. 209, 450 P.2d 399, 404 (1969).[3] Rule 51(a),

2. "While the errors in the instructions quoted above are sufficient to require a retrial, we will consider other assignments of error for the benefit of the trial court at the new trial. Several of the matters discussed hereafter would not, standing alone, be prejudicial error, nevertheless their cumulative effect was to confuse the jury and deprive the plaintiff of a fair trial." 91 Ariz. at 375, 372 P.2d at 711.

3. Greg himself could not have been contributorily negligent, since our Supreme

Court has held that a four and one half year old cannot be so as a matter of law. Womack v. Preach, 64 Ariz. 61, 64, 165 P.2d 657, 658 (1946), supplementing and approving, 63 Ariz. 390, 163 P.2d 280 (1945). See also Beliak v. Plants, 84 Ariz. 211, 216, 326 P.2d 36, 39 (1958) (five and one half year old could not be negligent); Restatement (Second) of Torts § 283(A), p. 14; and Annot., "Modern Trends as to Contributory Negligence of Children," 77 A.L.R.2d 917.

Rules of Civil Procedure, 16 A.R.S., provides in part:

> "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

The only exception to this rule is in the case of "fundamental" error. Trojanovich v. Marshall, 95 Ariz. 145, 146, 388 P.2d 149, 150 (1964); Patania v. Silverstone, 3 Ariz.App. 424, 427–428, 415 P.2d 139, 142–143 (1966). While the guidelines for determining when the court must instruct on its own motion are hazy, we can see no such duty here. The jury was instructed clearly that if there was negligence and proximate cause, there was liability. There were no other issues on liability submitted. The plaintiffs would appear to have made the tactical decision that the less said by the court on the subject of contributory negligence the better. This tactic having failed, we hold it to be too late to complain on appeal. Elliott v. Landon, 89 Ariz. 355, 362 P.2d 733 (1961); Patania v. Silverstone, supra.

 While the remarks of appellees' counsel during final argument may not have been strictly germane, they did not in context have any clear tendency to imply parental negligence, and they were at least in part invited by the previous reference of appellants' counsel to the parents' pre-accident warnings. Certainly without any objection being made to these remarks, so as to give the trial court an opportunity to cure any prejudice that might have been created, there was no reversible error. City of Prescott v. Sumid, 30 Ariz. 347, 355–356, 247 P. 122, 125 (1926).

With regard to the forms of verdict, appellants had an opportunity to submit their desired forms to the court, and having failed to avail themselves of the opportunity, and having failed to object to the forms of verdict submitted, they cannot complain. Correll v. Peoples Freight Line,

Inc., 50 Ariz. 38, 43, 68 P.2d 677, 679 (1937). *See also* 4 C.J.S. Appeal and Error § 309, p. 988.

The jury which rendered a verdict for appellees had the benefit of a view of the accident scene, complete with Conger, Hightower, truck and bins, and a witness who claimed she saw the events leading up to the accident. While there was ample evidence from which the jury could have returned a verdict for appellants, we are unable to infer from the record as a whole that the jury's verdict for appellees was necessarily the product of legal misunderstandings.

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.