460 P.2d 52

**The STATE of Arizona, Appellee,**

v.

**Fletcher CASEY, Appellant.**

**No. 2 CA–CR 173.**

Court of Appeals of Arizona.

Division 2.

Oct. 24, 1969.

---

Gary K. Nelson, Atty. Gen., Phoenix, by Carl Waag, Asst. Atty. Gen., for appellee.

Ronald W. Sommer, Tucson, for appellant.

BEN C. BIRDSALL, Superior Court Judge.

This appeal challenges the defendant's convictions on two counts of obtaining or attempting to obtain money or property in violation of A.R.S. § 13–311, as amended. The first trial on these charges ended in a mistrial and the second trial, approximately one month later, resulted in a jury verdict of guilty on both counts.

Count One accused the defendant of obtaining money from a liquor store, with intent to defraud, by means of a printed or engraved money order. Count Two accused the defendant of obtaining property from a shoe store by means of a Valley National Bank credit card. The defendant presents two bases for reversal: (1) The trial court's denial of the defendant's request for a transcript of the testimony presented at the first trial; and (2) The trial court's refusal to direct a verdict as to Count One.

## DENIAL OF TRANSCRIPT

■ The defendant contends that the denial of his request for a free transcript constituted a denial of due process and equal protection of the laws in that financial considerations were interposed which deprived him of an opportunity to prepare his defense. Our Arizona Supreme Court has consistently held that the State is not mandated by constitutional provisions to provide a "full paraphernalia of defense". State v. Bowen, 104 Ariz. 138, 449 P.2d 603 (1969); State v. Chambers, 104 Ariz. 247, 451 P.2d 27 (1969).

■ This court, in State v. Superior Court In and For County of Pima, 2 Ariz. App. 458, 409 P.2d 742 (1966), pointed out that the position of the Arizona Supreme Court is binding upon this court unless recent interpretations of the United States Constitution by the United States Supreme Court have rendered the position of the Arizona Supreme Court untenable. We agree that the U. S. Supreme Court decisions in the past decade have denounced as constitutionally repugnant differences in

access to the instruments needed to vindicate legal rights when based on the financial situation of the defendant. *See*, e. g., Draper v. State of Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963); Long v. District Court of Iowa, 385 U.S. 192, 87 S.Ct. 362, 17 L.Ed.2d 290 (1966); Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967); Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963); Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961). Also, grand jury testimony must be made available to a defendant when a request therefor is made during the course of trial to cross examine a witness for purposes of impeachment, refreshing his recollection, or to test his credibility. Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966).

■ ■ ■ However, assuming arguendo that defendant's position is correct, i. e., that a defendant's financial situation should not bar his access to prior trial testimony, we find no error in the trial court's refusal to furnish the requested transcript. Notwithstanding the tolerance with which appellate courts view *pro se* applications for relief, Application of Buccheri, 6 Ariz.App. 196, 431 P.2d 91 (1967), we cannot construe the defendant's applications as falling within the mandate of Dennis v. United States, supra. We certainly cannot impose a greater omniscience upon the trial court. *Dennis,* supra, requires, at the very least, a specific and clear request for the transcript of a *named* witness's grand jury testimony which is needed for purposes of cross examination. Melton v. United States, 398 F.2d 321 (10th Cir. 1968); Cargill v. United States, 381 F.2d 849 (10th Cir. 1967), cert. den. 389 U.S. 1041, 88 S.Ct. 781, 19 L.Ed.2d 831. Such is not the case here. The defendant's first request recited:

> "Due to the fact that there were many flaws which caused a mis-trial, I feel

that a close study of the transcript will aid in legal grounds to file a writ to dismiss the charge against me.

> * * * I feel that my finding in the transcript will result in the obtainment of my freedom."

A second request for a transcript recited:

> " * * * I feel there was potential perjury committed, plus the presentation of false evidence; and witnesses whose testimonies were all of other criminal actions irrelevant to the case being tried: their testimonies serving no other support than to prejudice the jury. * * *

> I feel that a brief study of the transcript will verify my accusations, and aid my attorney and I, in prepairing [sic] a defense. * * * "

It would appear that defendant's predicate for reversal is that he was deprived of his right of cross-examination of a state's witness in that her testimony at the prior trial, contrary to her testimony at the second trial, would indicate that she was unable to identify the defendant. There is nothing specifically set out in the transcript requests concerning this witness's testimony or the specific need therefor. The only reference to this witness that appears in the record is in a document filed by the defendant before trial requesting "suppression of evidence and witnesses":

> "One of the state's witnesse [sic], the casier [sic] at the store where the crime is to have been commited [sic] testifed [sic] that she could not identify me as the man who used a stolen credit card in the store." [1]

We are unable to equate this reference to the cashier's testimony at the prior trial with a request for the production of such testimony.

Defendant was represented by able counsel at the second trial and there is nothing in the record to indicate that at the time

---

1. The first transcript request was filed September 18, 1968, the "suppression" request was filed September 20, 1968, and the second transcript request was filed September 26, 1968.

the witness testified the defendant requested access to this witness's prior testimony for use on cross-examination. Furthermore, the record reveals no attempt to examine this prior testimony or request to make it a part of the record on appeal. We thus find no error of constitutional dimensions, or otherwise, as urged by the defendant.

## SUFFICIENCY OF EVIDENCE

A.R.S. § 13–311, as amended, provides in pertinent part:

"A. A person who, with intent to cheat and defraud, obtains or attempts to obtain from any other person, money, property or valuable thing, by means or by use of any false or bogus check, or by any other printed, written or engraved instrument, or spurious coin or metal, is guilty of a felony * * *."

It is the defendant's position that the trial court erred in submitting Count One, the charge pertaining to the money order, to the jury since the State failed to prove that the money order was "false or bogus", or that any person was in fact defrauded. He argues that application of the *ejusdem generis* rule requires proof that the money order was false or bogus. The rule of *ejusdem generis,* whereby general words apply only to persons or things of the same general nature or class as preceding specific enumerations, is applicable only when the legislative intent is not clear. Fitzpatrick v. Board of Medical Examiners, 96 Ariz. 309, 394 P.2d 423 (1964). Resort to rules of statutory construction, however, is unnecessary where a statute is clear and unambiguous. City of Mesa v. Killingsworth, 96 Ariz. 290, 394 P.2d 410 (1964). Here, the legislative intent is clear. A.R.S. § 13–311, as amended, is entitled "Obtaining money or property by bogus check or other means * * *." The body of the statute specifically enumerates the various means: (1) false or bogus check, (2) any other printed, written or engraved instrument; (3) spurious coin or metal. Had the legislature intended to proscribe the use of any other *false or bogus instrument,* as defendant urges, it would not have chosen to set up "other instruments" as a separate category. It is manifest that the conduct proscribed is the use of a printed, written or engraved instrument with an intent to defraud in order to obtain or attempt to obtain the money, property or valuable thing of another person.

The evidence discloses that the defendant presented an $85 money order made payable to Gordon Eggan at a liquor store to pay for a purchase amounting to approximately $20. He identified himself with an Arizona driver's license in the name of Gordon Eggan. Eggan testified that his wallet containing his driver's license had previously been stolen from him in Phoenix and identified the defendant as the thief. In addition to the $20 worth of merchandise, the defendant received some $65 in change. Thus, it is clear that he obtained the money and property of another by the statutorily proscribed means. Whether he did so with a fraudulent intent was a question of fact for the jury's determination. State v. Sturgeon, 8 Ariz. App. 265, 445 P.2d 467 (1968); State v. Etheridge, 443 P.2d 536 (Wash.1968). The circumstances would support an inference of the requisite intent.

Finding no merit in defendant's claim of constitutional infirmity and insufficiency of the evidence, the convictions are affirmed.

HOWARD and HATHAWAY, JJ., concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge BEN C. BIRDSALL was called to sit in his stead and participate in the determination of this decision.