NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ALLEN JAMES ROBINSON, *Appellant*.

No. 1 CA-CR 13-0784
FILED 12-30-14

Appeal from the Superior Court in Maricopa County
No. CR2012-006890-002
The Honorable Jeanne M. Garcia, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

Allen James Robinson, Florence
*Appellant*

---

## MEMORANDUM DECISION

Chief Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Michael J. Brown joined.

---

**J O H N S E N**, Judge:

¶1 This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), following Allen James Robinson's convictions of first-degree murder, a Class 1 dangerous felony; drive-by shooting, a Class 2 dangerous felony; and aggravated assault, a Class 3 dangerous felony. Robinson's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530, 2 P.3d 89 (App. 1999). Counsel now asks this court to search the record for fundamental error. Robinson has filed a supplemental brief identifying various issues. After reviewing the entire record, we affirm Robinson's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2 From the passenger seat of a moving car late one evening in 2012, Robinson fired several gunshots at two men, killing one and injuring the other.[1] A jury convicted Robinson of first-degree felony murder (Count 1); drive-by shooting (Count 2); and aggravated assault (Count 3). The court sentenced Robinson to 25 years to life for Count 1; 10.5 years for Count 2; and 7.5 years for Count 3. The sentences for Counts 1 and 2 were concurrent, and the sentence for Count 3 was consecutive.

¶3 Robinson timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and -4033 (2014).[2]

---

[1] Upon review, we view the facts in the light most favorable to sustaining the jury's verdicts and resolve all inferences against Robinson. *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2, 986 P.2d 897, 898 (App. 1998).

[2] Absent material revisions after the date of an alleged offense, we cite a statute's current version.

## DISCUSSION

**A.**      **Issues Raised in Supplemental Brief.**

¶4      Robinson lists several issues in the opening page of his supplemental brief, but offers argument on only a handful of those issues. We limit our review to the issues he actually argues.

¶5      First, Robinson argues his prosecution runs afoul of Article 2, Section 30, of the Arizona Constitution, because he did not have a preliminary hearing and was "never given the grand jury transcripts." Because Robinson was indicted by a grand jury, however, a preliminary hearing was not required. *See State v. Meeker*, 143 Ariz. 256, 265, 693 P.2d 911, 920 (1984) ("Either indictment by a grand jury or information after a preliminary hearing is a constitutionally proper method of bringing an accused felon to trial."). Robinson did not request the grand jury transcripts prior to his convictions and so has waived any right he might have had to them. *See State v. Casey*, 10 Ariz. App. 516, 518, 460 P.2d 52, 54 (1969) ("grand jury testimony must be made available to a defendant *when a request therefor is made during the course of trial*") (emphasis added).

¶6      Robinson next challenges the adequacy of a search warrant, alleging that "even if [the State] had one it contained insufficient facts to justify probable cause." Robinson does not specify which search warrant he believes was defective, however, and presents no argument as to why the facts supporting that warrant were not sufficient. *See State v. Crowley*, 202 Ariz. 80, 83, ¶ 7, 41 P.3d 618, 621 (App. 2002) ("A reviewing court must presume a search warrant is valid; it is the defendant's burden to prove otherwise.").

¶7      Robinson contends the prosecutor engaged in misconduct by knowingly using "false evidence and argument to obtain a criminal conviction" and by collaborating with witnesses to aid "the perjury." He points to inconsistencies in the testimony of certain witnesses as evidence they lied and also argues that some witnesses were confused and did not tell the truth. But inconsistent testimony is not necessarily false or perjured; the credibility of a witness is for the jury to determine. *See State v. Ferrari*, 112 Ariz. 324, 334, 541 P.2d 921, 931 (1975). In any event, Robinson has not established that the prosecutor knowingly used any alleged false testimony. *See id*.

¶8      Robinson also argues the prosecution improperly coerced his girlfriend to testify against him by offering her a plea bargain that would allow her to re-establish contact with her children. His argument fails

because the State may offer a witness a favorable plea deal in exchange for testimony. *See State v. Dumaine*, 162 Ariz. 392, 401, 783 P.2d 1184, 1193 (1989) ("[N]o prosecutorial misconduct occurs where the prosecutor merely arranges a favorable plea agreement with one of the several witnesses testifying against the defendant . . . ."), *disapproved on other grounds by State v. King*, 225 Ariz. 87, 235 P.3d 240 (2010).

¶9 Robinson argues the evidence is insufficient to support his convictions. To the contrary, the evidence was sufficient. For example, the surviving victim identified Robinson as the person shooting from the car; two witnesses testified Robinson told them he shot and might have killed someone; and the doctor who treated the deceased victim testified that the multiple gunshot wounds were the cause of death. Robinson argues police failed to take fingerprints from the alleged murder weapon and complains that the State failed to offer DNA evidence tying him to the gun. He fails to cite any legal authority, however, for the proposition that the State is required to offer such evidence when sufficient other evidence exists to support a conviction.

¶10 Robinson challenges the pretrial identification procedures and certain of the jury instructions. Because he failed to raise these issues at trial, we review them only for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19-20, 115 P.3d 601, 607 (2005). Robinson offers no facts or legal argument to support his contention that the pretrial identification by the victim was improper or the product of unduly suggestive procedures. Although he argues the superior court erred by failing to instruct the jury on premeditation, he can show no prejudice from the absence of such an instruction, given that he was convicted of felony murder. He offers no facts or reasoning to support his contention that the court erred by failing to instruct the jury on circumstantial evidence.

¶11 Robinson argues the officer who stopped him in Colorado wrongfully detained him for an excessive amount of time. But he offers no facts or legal argument to support that proposition.

¶12 Robinson further argues the prosecutor failed to introduce evidence that would have proved him innocent, specifically, phone records supposedly demonstrating he was not present during the shooting. This argument fails because the State has no obligation to offer exculpatory evidence at trial.

¶13 Robinson complains that certain exhibits were not furnished to him before trial, but he does not identify those exhibits. He argues that

the exhibits did not establish the identity of the shooter and that the jury should have been asked to determine who shot the victims. Because the jury was properly instructed on accomplice liability, however, it did not need to determine whether Robinson or the other individual in his vehicle fired the shots.

¶14        Finally, Robinson argues that when a defendant is convicted of two crimes based on the same acts, the court is obligated to impose concurrent sentences. Although Robinson does not elaborate, the superior court did in fact impose concurrent sentences on the convictions for felony murder and for drive-by shooting, the predicate felony; the court properly exercised its discretion to impose a consecutive sentence on the separate crime of aggravated assault (the victim of the aggravated assault was a second occupant of the vehicle who survived the shooting). Robinson also asserts the presentence report was inaccurate, but does not explain how it was inaccurate or how he was prejudiced by the court's reliance on it.

**B.        Due Process Review.**

¶15        The record reflects Robinson received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages, except when counsel waived his presence. The court also held appropriate pretrial hearings.

¶16        The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury was properly comprised of 12 members with two alternates. The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict. The jury returned a unanimous verdict, which was confirmed by juror polling. The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed legal sentences for the crimes of which Robinson was convicted.

**CONCLUSION**

¶17        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.

¶18        After the filing of this decision, defense counsel's obligations pertaining to Robinson's representation in this appeal have ended. Defense counsel need do no more than inform Robinson of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for

review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).  On the court's own motion, Robinson has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration.  Robinson has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : jt